IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| BEN LYNDON KISER, ID # 433579, ) | |
|     Petitioner, ) | |
| vs. ) | No. 3:06-CV-1200-M (BH) |
| ) | ECF |
| NATHANIEL QUARTERMAN,[1] Director, ) | Referred to U.S. Magistrate Judge |
| Texas Department of Criminal ) | |
| Justice, Correctional Institutions Division, ) | |
|     Respondent. ) | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b) and an Order of the Court in implementation thereof, subject cause has previously been referred to the United States Magistrate Judge. The findings, conclusions, and recommendation of the Magistrate Judge are as follows:

**I. BACKGROUND**

Petitioner, an inmate currently incarcerated in the Texas Department of Criminal Justice - Correctional Institutions Division (TDCJ-CID), filed the instant petition for writ habeas corpus pursuant to 28 U.S.C. § 2254 to challenge his Dallas County conviction for "robbery by firearms" in Cause No. C-67-1988-IHJ. (Pet. Writ of Habeas Corpus (Pet.) at 2; Mem. Supp. at 1.) Respondent is Nathaniel Quarterman, Director of TDCJ-CID.

On February 8, 1968, a jury convicted petitioner of robbery by firearms, and he was sentenced to sixty-five years imprisonment on August 16, 1968. (Pet. at 2; Mem. Supp. at 1, 7.) The trial court thereafter granted a new trial, and on September 5, 1969, petitioner was sentenced to five

---

[1] On June 1, 2006, Nathaniel Quarterman became the Director of the Texas Department of Criminal Justice - Correctional Institutions Division. The Court thus substitutes him for Douglas Dretke. *See* Fed. R. Civ. P. 25(d)(1).

years imprisonment.  (Mem. Supp. at 4.)  Petitioner herein purports to challenge the August 16, 1968 judgment of conviction and resulting sixty-five year sentence.  (Pet. at 2.)

This is petitioner's second federal challenge to his robbery conviction in Cause No. C-67-1988-IHJ.  *See Kiser v. Dretke*, No. 03-0149-R (N.D. Tex. filed Jan. 23, 2003) [hereinafter *Kiser I*].[2]  In his prior challenge, petitioner purported to challenge the five-year sentence imposed on September 5, 1969, and the Court dismissed the habeas petition for lack of subject matter jurisdiction because petitioner was no longer in custody on the five-year sentence.  *See id.* (findings, conclusions, and recommendation (FCR) accepted without objection by District Court).

Petitioner filed the instant petition in June 2006.  He claims he is being held unlawfully because (1) the trial court had no jurisdiction to grant a motion for new trial and (2) he received ineffective assistance of counsel on appeal when his attorney failed to timely file a notice of appeal and advised him to dismiss his appeal.  (Pet. at 7; Mem. Supp. at 8.)  He raised these same claims in his prior challenge to robbery conviction in Cause No. C-67-1988-IHJ.  *See Kiser I* (FCR).

## II. JURISDICTION

"Federal courts are courts of limited jurisdiction.  They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree."  *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted).  They "must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum."  *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir.), *cert.*

---

[2]  The Court designates the prior case as *Kiser I* because it was petitioner's first challenge to the robbery conviction challenged in this action, not because it was his first federal habeas challenge in general.  Petitioner has filed other federal habeas actions to challenge different state convictions.

2

*denied*, 534 U.S. 993 (2001). They have "a continuing obligation to examine the basis for jurisdiction." *See MCG, Inc. v. Great W. Energy Corp.*, 896 F.2d 170, 173 (5th Cir. 1990). The Court may *sua sponte* raise the jurisdictional issue at any time. *Id.*; *Burge v. Parish of St. Tammany*, 187 F.3d 452, 465-66 (5th Cir. 1999). Fed. R. Civ. P. 12(h)(3) requires that federal courts dismiss an action "[w]henever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction over the subject matter." From a review of the documents filed in this action, it appears that, when petitioner filed his federal petition, he was not in custody on the conviction that he challenges herein. It thus appears that the Court lacks subject matter jurisdiction over this action.

Federal district courts have jurisdiction to entertain petitions for writs of habeas corpus only from persons who are "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254. One satisfies the "in custody" requirement, when the challenged conviction has not fully expired at the time the petitioner files a petition under § 2254. *See Carafas v. Lavallee*, 391 U.S. 234, 238 (1968). One is not "in custody" for a particular conviction when he or she "suffers no present restraint" from the challenged conviction. *Maleng v. Cook*, 490 U.S. 488, 492 (1989). "[O]nce the sentence imposed for a conviction has completely expired, the collateral consequences of that conviction are not themselves sufficient to render an individual 'in custody' for the purposes of a habeas attack upon it." *Id.*

In this instance, petitioner purports to challenge an August 16, 1968 conviction that resulted in a sixty-five year sentence. His briefing, however, shows that the trial court granted a motion for new trial, and he was ultimately sentenced to five years imprisonment on the robbery charge. Such showing is entirely consistent with petitioner's prior challenge to his robbery conviction, which was

3

dismissed for lack of jurisdiction. Because the trial court granted a motion for new trial, and ultimately sentenced petitioner to five years imprisonment, petitioner is not in custody on the challenged sixty-five year sentence. As previously decided, furthermore, he is not in custody on the five year sentence either. Petitioner has presented nothing which shows that he is in custody on the conviction that he challenges in this action – whether the Court construes the action to challenge the August 16, 1968 sentence or the September 5, 1969 sentence. Having fully served the imposed sentence for his robbery conviction, petitioner is no longer "in custody" such that he can challenge that conviction.[3] Consequently, this Court lacks jurisdiction over the instant habeas petition.

### III.  RECOMMENDATION

For the foregoing reasons, the undersigned Magistrate Judge **RECOMMENDS** that the Court **DISMISS** the request for habeas corpus relief brought pursuant to 28 U.S.C. § 2254 for lack of subject matter jurisdiction.

**SIGNED this 8th day of December, 2006.**

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

---

[3] As noted in the findings and recommendation entered in petitioner's prior habeas action that challenged his robbery conviction, if his sentence (whether five years or sixty-five years) "had not fully expired when petitioner filed the instant action, the Court would dismiss it as untimely pursuant to 28 U.S.C. § 2244(d)." *Kiser I* (FCR). Petitioner filed the instant petition well after the one-year period of limitations expired on his challenged conviction.

**INSTRUCTIONS FOR SERVICE AND
<u>NOTICE OF RIGHT TO APPEAL/OBJECT</u>**

The United States District Clerk shall serve a copy of these findings, conclusions, and recommendation on all parties by mailing a copy to each of them. Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must file and serve written objections within ten days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory or general objections. Failure to file written objections to the proposed findings, conclusions, and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (*en banc*).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE